~~FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT GEORGIA

06 MAR 17  PM 4:49

_____WKS_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

UNITED STATES OF AMERICA,  :
    Plaintiff,  :
vs  :  1:05-CR-31 (WLS)
BERRETT JERMAINE CLINTON,  :
    Defendant.  :

## ORDER

Pending before the Court is Defendant's motion for a bond and release from detention pending sentencing made pursuant to 18 U.S.C. § 3143. (Doc. 53). On March 16, 2006, the Court conducted an evidentiary hearing on the motion.

On August 1, 2005, the Magistrate Judge entered an order temporarily detaining Defendant upon motion of the Government. (Doc. 6). The Magistrate Judge also found that Defendant had an outstanding warrant for his arrest for violating his state probation. The Court ordered the detention because Defendant was indicted for a drug offense carrying a minimum sentence of ten years in compliance with 18 U.S.C. § 3142(f)(1)(C).

On October 28, 2005, the Magistrate Judge conducted a hearing on the Government's motion for a detention. On that date the Magistrate Judge found by clear and convincing evidence there was probable cause to find that Defendant committed a drug crime punishable by a maximum of ten years or more imprisonment. (Doc. 26). The Magistrate Judge further found that because the then current pending offense was committed while Defendant's was on state probation that posed a general danger to the community and that there were no set of conditions which could ensure the safety of the community.

On January 12, 2006, the Government filed a superceding information charging Defendant with use of a communication facility to distribute crack cocaine in violation of 21 U.S.C. § 843(b). (Doc. 48). The maximum sentence for this offense is four years. On January

1

12, 2006, Defendant entered a guilty plea to the superceding information. (Doc. 52). Defendant's sentencing is scheduled for April 13, 2006.

At the hearing on March 16, 2006, Defendant established by clear and convincing evidence that he has a legitimate interest in a farm run by himself and his father. The evidence showed that Defendant's father had a massive stroke in December 2005 and has been unable to tend to the farm. On the farm are numerous pigs and goats which are not being cared for properly and are dying. Defendant established that there is no other person presently available to care for these endangered animals and other property located on the farm.

Defendant also established that while he was on state probation that he regularly reported to his probation officer and even was given permission to obtain a passport and to travel to Cancun, Mexico for his honeymoon. There is no evidence that Defendant has ever absconded or is otherwise a flight risk. Defendant has significant family ties in the Albany, Georgia area. Defendant is no longer facing a drug charge requiring a sentence of ten years or more. It is significant that if Defendant was initially charged with the crime for which has pleaded guilty, Defendant likely would have remained on pretrial release. A Dougherty County Superior Court Judge has set a bond on his probation violation warrant[1]. Defendant has also established that he has approximately $50,000 in cash in the bank from a wrongful death settlement involving his mother which is unencumbered.

Given all these findings, the Court finds by clear and convincing evidence that with certain conditions, as set out below, that Defendant "is not likely to flee or pose a danger to the safety of any person or the community" if released pending sentence. Therefore, Defendant shall be released pending sentencing on or about April 13, 2006, if he fulfills the following conditions:

Defendant shall post a cash bond with the Clerk of this Court in the amount of $30,000;

Defendant shall wear such electronic monitoring device as directed by the United States Probation Office and pay the cost of said monitoring;

Defendant shall give his passport to the United States Probation Office;

---

[1]. The state court bond is contingent on this Court setting bond.

Defendant shall comply with the travel restrictions imposed by the United States Probation Office, to include not traveling outside of the Middle District of Georgia;

Defendant shall take all necessary steps to liquidate or otherwise properly care for all perishable agricultural products and animals located on the farm in question or make arrangements with a third party to do so;

Defendant shall not violate any state, federal or local law;

Defendant shall appear at sentencing on April 13, 2006, or at other times as directed by the Court;

Defendant shall not associate with any person or persons he has reason to know is engaged in any illegal activity, including but not limited to illegal drug activity, whether or not such person or persons is subject to any criminal proceeding;

Defendant shall have no contact with any witnesses or jurors; and

Defendant shall comply with any special conditions as ordered by the United States Probation Office.

Failure to comply with these conditions will result in the immediate issuance of a warrant for Defendant's arrest and forfeiture of the said cash bond to the United States of America.

SO ORDERED, this __17th__ day of March, 2006.

                                                       /s/W. Louis Sands  
                                                **Hon. W. Louis Sands, Chief Judge**  
                                                **United States District Court**